IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

James A. Dodson,                                    Case No. 1:09HC60020
   *individually, and as surviving spouse*
   *and next of kin of deceased*
   Wilma Jean Dodson

        Plaintiff

v.                                                      ORDER

Baxter International Inc., et al.,

        Defendants

This is a products liability and medical malpractice case. Plaintiff, James A. Dodson, originally filed state law claims against defendants Baxter International, Inc., Baxter Healthcare Corporation [jointly "Baxter"], HCA Health Services of Tennessee, Inc. d/b/a Centennial Medical Center [HCA], Renal Care Group, Inc. d/b/a Fresenius Medical Group [Renal Care], Fresenius Medical Group [Fresenius] and Robert S. Binford, M.D. [collectively "Healthcare Defendants"] in the Circuit Court of Davidson County, Tennessee. Dodson seeks damages for his wife's injuries and death allegedly caused by ingestion and negligent administration of unsafely-tainted Heparin, a drug which Baxter manufactures and sells.

Baxter, a Delaware corporation headquartered in Deerfield, Illinois, removed the case to the United States District Court for the Middle District of Tennessee.[1] That court, in turn, transferred the case to me in accordance with *In re Heparin Products Liability Litigation*, 559 F. Supp. 2d 1403 (J.P.M.L. 2008).

Pending are plaintiff's motion to remand and for an award of costs and attorney's fees [Doc. 10], defendant Dr. Binford's motion to dismiss [Doc. 56] and defendant Baxter's unopposed motion for summary judgment [Doc. 60].

For the reasons discussed below, plaintiff's motion to remand is granted, Dr. Binford's motion to dismiss is better suited for determination before the state court and Baxter's motion for summary judgment is granted.

## Background

In January, 2008, Baxter announced a voluntary recall of nine lots of Heparin due to increased reports of adverse patient reactions. In February, 2008, Baxter expanded its recall to include all remaining lots and doses of Heparin after concerns that Chinese contaminates had entered the drug.

On March 7, 2008, plaintiff James Dodson's late wife, Wilma Jean Dodson, was admitted to defendant HCA's Centennial Medical Center [CMC]. Defendant HCA is a Tennessee corporation with its principal place of business in Nashville, Tennessee.

Defendant Dr. Binford, a Tennessee resident, performed a triple bypass procedure. Upon her admission to CMC, Mrs. Dodson began receiving Heparin. Plaintiff contends that, after her surgery

---

[1] The Healthcare Defendants did not join in this removal petition.

Mrs. Dodson suffered adverse reactions to Heparin – namely, she developed blood clots throughout her body, especially in her legs.

On March 12, 2008, Mrs. Dodson's physicians ordered the discontinuation of Heparin; CMC and/or RCG allegedly continued administering it. Mrs. Dodson's legs and lower body turned black and gangrenous. On April 18, 2008, she went to Specialty Select Hospital, where she died on June 8, 2008.

On September 29, 2008, plaintiff filed suit against Baxter and HCA seeking recovery for his wife's injuries and wrongful death pursuant to Tennessee Code § 20-5-113. On March 6, 2009, plaintiff amended his complaint to include Renal Care, Fresenius and Dr. Binford. His claims are for negligence and strict liability; plaintiff alleges that Baxter, HCA, Fresenius, Renal Care and Dr. Binford's negligence, and Baxter's use of an unreasonably dangerous and defective product, directly and proximately caused Mrs. Dodson's injuries, death and other recoverable losses.

On November 10, 2008, Dodson filed the pending motion for remand, to which Baxter responded with a request to stay pending the decision of the Judicial Panel on Multidistrict Litigation [JPML].

On June 15, 2009, Dr. Binford filed a motion to dismiss, which I stayed, pending the outcome of Baxter's anticipated motion for summary judgment. On July 31, 2009, Baxter filed its motion for summary judgment, which plaintiff has not opposed.

### 1. Baxter's Motion for Summary Judgment

To bring a products liability claim against a manufacturer under Tennessee law, plaintiffs must show that the manufacturer's product caused injury to a person or property. *Brown v. Crown*

*Equip. Corp.*, 181 S.W.3d 268, 282 (Tenn. 2005) (finding that plaintiff must trace his injury to the defect in the manufacturer's product).

In its unopposed motion for summary judgment, Baxter submits that plaintiff cannot show that Baxter's product caused Mrs. Dodson's injury or death, as plaintiff has not produced any evidence that Mrs. Dodson received Baxter's Heparin.

In fact, discovery indicates the Heparin that Mrs. Dodson received could not have been manufactured by Baxter. Instead, APP Pharmaceuticals, LLC [APP] manufactured the Heparin administered to Mrs. Dodson.

This is so because in January and February, 2008, Baxter recalled its Heparin products. The uncontroverted evidence shows that in response, CMC removed all of Baxter's Heparin from its shelves by March 5, 2008. CMC restocked its pharmacy and units with APP Heparin.

It is undisputed that Mrs. Dodson received Heparin on March 7, 2008, during coronary bypass surgery. Given that CMC removed all of Baxter's Heparin before this date, Baxter's Heparin could not have caused Mrs. Dodson's injuries and death. As such, Baxter is entitled to summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**2. Plaintiff's Motion to Remand**

A defendant may remove any civil action in state court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). After removal, a plaintiff may bring a motion to remand to state court under 28 U.S.C. § 1447(c).

I must grant Dodson's motion to remand to state court if I find that complete diversity jurisdiction or federal question jurisdiction do not exist. *Caterpillar Inc. v. Williams*, 482 U.S. 386,

4

392 (1987) ("Absent diversity of citizenship, federal-question jurisdiction is required" for proper removal to federal court).

Baxter removed this case to federal court, arguing that diversity and federal question jurisdiction exists. In this decision, however, I dismiss Baxter as a party to this lawsuit. Without Baxter, the parties are not diverse, eliminating diversity as a basis for continued jurisdiction.

Moreover, plaintiff's claims do not present a federal question, despite any contention about the Food and Drug Administration's recall process. *See Arnold v. Baxter Healthcare Corp.*, 2009 WL 1097325, * 6 (N.D. Ohio) (finding that "[f]ederal question jurisdiction cannot lie over the Arnolds' state-law claims since they do not necessarily raise federal law issues, no federal issues involved are actually disputed or substantial and granting jurisdiction would abrogate the congressionally approved balance between state and federal judiciaries with regard to cases and claims of this sort").

Without either federal question or diversity jurisdiction, I must grant plaintiff's motion to remand. In so doing, I also send defendant Dr. Binford's pending motion to dismiss for adjudication in state court.

### 3. Attorney's Fees and Costs

I decline to grant Dodson's request for attorney's fees and costs. Under 28 U.S.C. § 1447(c), I may grant attorney's fees and costs only when the removing party lacks "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Baxter presented an objectively reasonable basis for seeking removal. In similar cases, I have severed medical malpractice claims against healthcare defendants. *See Joseph v. Baxter Intern. Inc.*,

614 F. Supp. 2d 868, 874 (N.D. Ohio 2009). The JPML, further, has also severed medical malpractice claims before transferring the claims against Baxter.

Attorney's fees, therefore, are not warranted in this case. Indeed, to grant them under circumstances such as are present here would be to chill the willingness of other litigants to assert potentially meritorious claims.

## Conclusion

For the foregoing reasons, it is hereby:

ORDERED THAT

1. Defendant Baxter's motion for summary judgment [Doc. 60] be, and the same hereby is granted;

2. Plaintiff's motion to remand [Doc. 10] be, and the same hereby is granted;

3. Plaintiffs' request for attorney's fees be, and the same hereby is denied; and

4. Defendant Dr. Binford's motion to dismiss [Doc. 56] be, and the same hereby, is sent to the state court for adjudication.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge